IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEVE E. LACROIX and
KELLIE GORDON LACROIX                                                                PLAINTIFFS

v.                                                                                          No. 3:07CV119-B-A

MARSHALL COUNTY, MISSISSIPPI,
MARSHALL COUNTY BOARD OF SUPERVISORS,
EDDIE DIXON,
KEITH TAYLOR,
WILLIE FLEMON,
GEORGE ZINN, III
RONNIE JOE BENNETT,
C.W. CHUCK THOMAS,
CONWAY MOORE,
LARRY HALL, AND
KENT SMITH                                                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the November 13, 2007, *pro se* motion of plaintiffs Steve Lacroix and Kellie Lacroix for a temporary restraining order or preliminary injunction, as well as the defendants' December 5, 2007, motion to dismiss. The plaintiffs seek an order prohibiting the defendants from destroying various public records which might relate to the instant case – in light of the recommendation of defense counsel to change the official policy of the Marshall County Board of Supervisors to ensure that the Board of Supervisors destroy all records of its proceedings except its typewritten official minutes. The defendants argue in their response that they have not destroyed any documents. The defendants have moved to dismiss the instant case for three reasons: failure of the plaintiffs to provide proper notice under the Mississippi Tort Claims Act, the defendants' entitlement to qualified immunity, and the federal doctrine of abstention. The plaintiffs have another case regarding this same matter currently pending in Marshall County Chancery Court. For the reasons set forth below, the instant motion

for a preliminary injunction shall be denied, and this case shall be dismissed under the federal doctrine of abstention.

## Factual Allegations

This dispute between the plaintiffs and the defendants arose out of complaints by the plaintiffs' neighbors regarding a camper trailer that the plaintiffs have kept on one of their parcels of property in rural Marshall County near Byhalia, Mississippi. The trailer has been parked in the same place for since 2003 and has for several inspections by county officials been found to be in compliance with zoning codes and other county regulations. On March 21, 2007, the plaintiffs acquired a double wide manufactured home for the purpose of placing the home on one of their lots as a rental property. The Marshall County Zoning Office had previously issued a permits for the manufactured home for as a school building in Byhalia, Mississippi, as a retail fireworks store, and as a storage building for Dennis Rainey, a friend of defendant Keith Taylor. Indeed, the plaintiffs purchased the building upon the recommendation of defendant Keith Taylor. The plaintiffs moved the manufactured home to 357 River Ridge Circle, then traveled to the Marshall County Zoning Office to acquire a permit for the building's permanent placement. Defendant Conway Moore then told the plaintiff that she could not issue a permit for a residence at that location because the land was in a flood zone. Defendant Moore further told the plaintiff Steve Lacroix that he would have to make several modifications to the land to qualify for a permit for a residence. All of the plaintiff's property is in the same small area, and the plaintiff had never before been denied a permit because of a flood zone. Defendant Moore then told the plaintiff that he could not have a permit, and the plaintiff was not allowed event to complete the application.

The plaintiff decided it would be far less expensive to simply use the manufactured home as a storage building rather than a residence. The next day, the plaintiff returned to the Zoning Office and requested a permit to use the building as storage, rather than as a residence, in order to avoid the time and expense necessary to improve the land for use as a residence in a flood zone. Defendant Moore again refused to issue a permit, and, when the plaintiff asked why he could not receive the permit, Moore told him that District 3 Supervisor Keith Taylor had told her not to issue Steve Lacroix any permits regarding his property because Taylor was tired of one of Lacroix's neighbors complaining about the location of the travel trailer on the property at 384 River Ridge Circle. Steve Lacroix then met with Taylor, who confirmed this as the reason for the denial of any permits until the Lacroix's moved the travel trailer. Taylor did not state that the travel trailer's location violated any state or county rule or regulation.

On April 3, 2007, the plaintiff received a letter from Defendant Moore acknowledging the plaintiff's attempt to acquire a permit for his manufactured home from the Zoning Office, but stating nonetheless that the plaintiffs stood in violation of Article V, Section 2. Moore stated in her letter, without explanation, "I could not issue you a permit," and threatened action by the Marshall County Board of Supervisors if the plaintiff did not immediately remove the structure from his property. The plaintiff replied to the letter on April 9, 2007, confirmed the real reason he was denied a permit (the location of the travel trailer), and pointed out that the location of the travel trailer is not a valid reason to deny a permit for a storage building. The plaintiff then reiterated that he stood ready to obtain the permit under the law – and without the artificial restrictions imposed because of the complaints of a single neighbor. The plaintiff moved the double wide trailer to the property at 357 River Ridge Circle, where the plaintiffs intend that it remain until their request for a permit is officially granted or denied.

On June 5, 2007, the plaintiff's received a letter from Kent Smith, attorney for the Board of Supervisors, regarding "Clean Up of 384 River Ridge Circle," the address of the plaintiffs' home, not the site where the double wide trailer is located. The letter included notice of a public hearing scheduled for July 2, 2007, at which the Board of Supervisors and interested parties would discuss whether the plaintiff's property was "a menace to the public health and safety of the community," subject to cleanup by the county at the expense of the plaintiffs. Two days later, Kent Smith sent a similar letter to the holder of the mortgage of the plaintiff's home, AmSouth/Regions Bank. The plaintiffs attended the public hearing and, to be certain that the activities at the hearing could be accurately reviewed and discussed at a later date, they brought with them a stenographer, who recorded and transcribed all that was said there.

At the hearing, the plaintiffs established that the Board of Supervisors had not followed the dictates of the controlling statute, MISS. CODE ANN. § 19-5-105, and that, indeed, the Board of Supervisors had only used the statutory notice provision as a means to confront the plaintiffs regarding the location of the double wide trailer. In light of the discussion and events at the hearing, the Board of Supervisors voted to table the matter.

**Abstention**

The plaintiffs are currently prosecuting a case in the Chancery Court of Marshall County (Case No. 07-0437-A) based upon the same facts and circumstances as those in the present case, as evidenced by the court's review of the plaintiffs' Chancery Court complaint – and the October 22, 2007, motion by the plaintiffs to consolidate the federal and state cases. "[A] federal court should abstain from exercising its jurisdiction 'when difficult and unsettled questions of state law much be resolved before a substantial federal constitutional question can be decided.'" *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Committee of Texas*, 283 F.3d 650,

652-53 (5th Cir. 2002)(describing abstention doctrine of *Railroad Comm'n of Tex. V. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)). For Pullman abstention to be applicable, a two-prong test must be satisfied: (1) the case must involve a federal constitutional challenge to state action, and (2) the case must involve an unclear issue of state law that is "fairly susceptible" to an interpretation which, if adopted, would make it unnecessary for the court to rule on the federal constitutional question. *Nationwide*, 283 F.3d at 653. If Pullman abstention is applicable, then the presiding court should dismiss the case without prejudice and permit the Mississippi courts to consider the relevant state law instead. *Id.* at 654.

Abstention is most appropriate when the case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the cast then at bar." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976). Abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Id.* (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959)).

In their complaint and motion for a temporary restraining order or preliminary injunction, the plaintiffs mount a federal constitutional challenge to state action. Two claims of the plaintiffs' three turn on the defendants' temporary refusal to allow Steve Lacroix to review public documents – and the defendants' later refusal to allow him to review public documents which the defendants maintain fall outside the Mississippi Public Records Act. Presently before the Marshall County Chancery Court is another action brought by Steve Lacroix against these same defendants based in part on the same refusal to allow him to review public records. Thus, under the *Pullman* abstention doctrine, this court shall dismiss the plaintiffs' case without prejudice

pending the chancery court's disposition of those claims.

Abstention is also appropriate where a case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Colorado River*, 424 U.S. at 814, 90 S.Ct. at 1244-45; *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Under the Burford abstention doctrine, a federal court may abstain from hearing the plaintiffs claims if federal review of the issues raised "would be disruptive of state efforts to establish a coherent policy with respect to a matter of public concern." *Colorado River*, 424 U.S. at 814, 90 S.Ct. at 1244-45.

In their complaint – and their motion for a temporary restraining order or preliminary injunction – the plaintiffs seek federal review of the defendants' decisions regarding the implementation of the Mississippi Public Records Act (a matter of public concern). The case law regarding the Public Records Act should be developed by Mississippi courts rather than the federal courts. Thus, under the Burford abstention doctrine, the court shall dismiss the instant case without prejudice and permit the Marshall County Chancery Court to address the state policy issues raised in the complaint.

In sum, the plaintiff's motion for a temporary restraining order or preliminary injunction – and the plaintiffs' claims set forth in the complaint – shall be dismissed without prejudice under the abstention doctrines set forth in *Burford* and *Pullman, supra.* A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of March, 2008.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE