**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**STEVE E. LACROIX and
KELLIE GORDON LACROIX**                                                           **PLAINTIFFS**

                                                                               **CONSOLIDATED CASES:**
**v.**                                                                                    **No. 3:07CV119-B-A**
                                                                                    **No. 3:08CV92-B-A**

**MARSHALL COUNTY, MISSISSIPPI,
MARSHALL COUNTY BOARD OF SUPERVISORS,
EDDIE DIXON,
KEITH TAYLOR,
WILLIE FLEMON,
GEORGE ZINN, III
RONNIE JOE BENNETT,
C.W. CHUCK THOMAS,
CONWAY MOORE,
LARRY HALL, AND
KENT SMITH**                                                                  **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* complaint of Steve E. Lacroix and Kellie Gordon Lacroix. Plaintiffs, although *pro se*, have demonstrated admirable acuity in pursuing their claims and have adeptly prosecuted their claims and legal arguments in their various lawsuits. Plaintiffs allege violations of their constitutional rights arising out of disputes over zoning permits and the assessment of liens on their property to collect fees from garbage collection and disposal. The defendants have moved to dismiss the plaintiffs' claims, and the plaintiffs have responded. The court directed the parties to submit briefs regarding *res judicata*, and collateral estoppel, and the parties complied. The matter is ripe for resolution. In addition to defendants' motion to dismiss, the following motions are also pending: (1) plaintiffs' motion

to strike the defendants' answer;[1] (2) plaintiffs' motion for summary judgment;[2] (3) defendants' motion to hold the plaintiffs' motions and discovery in abeyance;[3] (4) plaintiffs' motion for partial summary judgment;[4] (5) defendants' supplement to the motion to hold in abeyance;[5] and (6) plaintiffs' motion for contempt.[6]

**Procedural Posture**

On August 20, 2007, plaintiff Steve Lacroix filed a complaint in the Chancery Court of Marshall County, Mississippi against the Marshall County Board of Supervisors and various elected or appointed officials of Marshall County alleging that Marshall County improperly used a nuisance statute to initiate a public hearing regarding a non-permitted travel trailer parked on his property in Byhalia, Mississippi.[7] According to the state court complaint, the facts giving rise to the suit occurred as the result of a June 4, 2007, nuisance notice which was mailed to Lacroix concerning the condition of his real property in Byhalia. Lacroix also alleged that Marshall County had placed a lien on his tenant's car tag without proper notice, that the Marshall County Board of Supervisors had violated the Mississippi Open Meetings Act, that he was denied the

---

[1] Docket #6 in 3:08-cv-92.

[2] Docket #7 in 3:08-cv-92.

[3] Docket #13 in 3:08-cv-92.

[4] Docket #14 in 3:08-cv-92.

[5] Docket #16 in 3:08-cv-92.

[6] Docket #24 in 3:08-cv-92.

[7] Lacroix owns various parcels of real property in Byhalia, Mississippi, including his domicile located at 384 River Ridge Circle, where the travel trailer is parked. He also owns rental properties located at 357, 368, 372 and 374 River Ridge Circle, Byhalia, Mississippi. Docket #50-2, p. 6.

right to inspect public records in violation of the Mississippi Public Records Act, and violations of Mississippi Code Annotated § 19-5-22, Miss. Code Ann. § 97-11-37 [a state criminal statute], the due process clause of the United States Constitution, and claims under 42 U.S.C. § 1983. Lacroix also requested injunctive relief.

Two months later on October 4, 2007, Steve and Kellie Lacroix filed the instant case in this court based upon the same actions taken by Marshall County and its elected officials in the summer of 2007. The federal complaint alleged under 42 U.S.C. § 1983 due process claims, claims under Miss. Code Ann. § 19-5-22, claims under the Mississippi Open Meetings Act [Miss. Code Ann. § 25-41-1], and claims under the Mississippi Public Records Act [Miss. Code Ann. § 25-61-1]. Thus, once the federal complaint was filed, the plaintiffs were simultaneously litigating two virtually identical cases in both the Marshall County Chancery Court and the United States District Court for the Northern District of Mississippi.

While the initial case management phase of the federal litigation was pending, the state court litigation was moving toward a final resolution of the plaintiffs' claims, with both the plaintiffs and defendants having filed motions for summary judgment. On January 14, 2008, Chancellor John Hatcher granted summary judgment for the defendants on all of the plaintiff's claims except for three counts of a public records violation under § 25-61-2. In dismissing the plaintiff's § 1983 claims the chancellor held that "Lacroix failed to articulate a Constitutional right which was impinged by the alleged violations or that he suffered any actual damage." The chancellor then ordered a final hearing on whether Marshall County's violations of § 25-61-2 were willful, which would result in a $100 fine per violation, and whether Lacroix was entitled to reimbursement of certain expenses for those violations.

The chancellor held the final hearing on February 20, 2008. In his Judgment, the

chancellor re-affirmed his grant of summary judgment to Marshall County on all of Lacroix's claims except the Public Records Act violations, assessed a $200.00 fine against the county for the violations, and ordered it to produce to Lacroix all of the records maintained by the county regarding his solid waste account.

On March 17, 2008, Lacroix appealed the state court judgment to the Mississippi Supreme Court. On March 10, 2009, the appeal was submitted to the Mississippi Court of Appeals for a final determination as to the issues raised by Lacroix. On August 18, 2009, the court of appeals issued a decision affirming the judgment in part and reversing it in part. *See Lacroix v. Marshall County Bd. Supervisors*, --- So.3d ----, 2009 WL 2502086 (Miss. Ct. App., 2009) (slip op.). The court of appeals affirmed the chancellor's decision on all claims except the issue of the Open Meetings Act. Regarding only Lacriox's claim that the Marshall County Board of Supervisors failed to provide sufficient reason for entering into executive session, the court of appeals reversed the chancellor's grant of summary judgment in favor of the Board on this issue and remanded for further proceedings in the chancery court. *Lacroix,* 2009 WL 2502086 at *11 - *12. The court of appeals stated:

> From our *de novo* review of the record, we find a one-page exhibit to LaCroix's motion for summary judgment where the Board, on May 7, 2007, called an executive session and gave the reason merely as "to discuss personnel and pending litigation." According to our supreme court's instruction in *Common Cause,* this would appear to be an insufficient explanation for calling an executive session. The County has failed to respond to LaCroix's argument or citation of *Common Cause.* Accordingly, we reverse the grant of summary judgment on this first claim and remand for further proceedings in the chancery court.

*Id.* at * 8.

This court dismissed the plaintiffs' federal case without prejudice on March 18, 2009 based upon the doctrine of abstention and under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976). The plaintiffs

-4-

moved for reconsideration, and the court denied that request on April 3, 2008, also holding that the plaintiffs' claims were barred by *res judicata* because the Chancery Court of Marshall County had already ruled on the same facts and issues.

On May 16, 2008, the plaintiffs moved for relief under Fed.R.Civ.P. 60, arguing that, as the chancery court case had been litigated to conclusion just prior to the court's abstention order, abstention was no longer appropriate. The plaintiffs also argued that the court's *sua sponte* ruling on *res judicata* and collateral estoppel did not provide the plaintiffs an opportunity to rebut the defense. The court agreed and provided the parties the opportunity to brief the issues of abstention, *res judicata*, and collateral estoppel. The plaintiffs filed a second, nearly identical, federal suit on September 2, 2008. The two cases were consolidated on July 27, 2009.

**Factual Allegations – Zoning Disputes**

This dispute between the plaintiffs and the defendants arose out of complaints by the plaintiffs' neighbors regarding a camper trailer that the plaintiffs have kept on one of their parcels of property in rural Marshall County near Byhalia, Mississippi. The trailer has been parked in the same place since 2003 and has, through several inspections by county officials, been found to be in compliance with zoning codes and other county regulations. On March 21, 2007, the plaintiffs acquired a double-wide manufactured home for the purpose of placing the home on one of their lots as a rental property. The Marshall County Zoning Office had previously issued permits for use of the manufactured home as a school building in Byhalia, Mississippi, as a retail fireworks store, and as a storage building for Dennis Rainey, a friend of defendant Keith Taylor. In fact, the plaintiffs state they purchased the building upon the recommendation of defendant Taylor. After the plaintiffs placed the manufactured home at 357

River Ridge Circle, Steve Lacroix traveled to the Marshall County Zoning Office to acquire a permit for the building's permanent placement. Defendant Conway Moore informed Lacroix that she could not issue a permit for a residence at that location because the land was in a flood zone, and several modifications to the land were required in order to qualify for a residential permit. Moore then told Lacroix that he could not have a permit and would not allow him to complete the application. All of the plaintiffs' property is in the same small area, and the plaintiffs had never before been denied a permit due to it being in a flood zone.

Deciding it would be far less expensive simply to use the manufactured home as a storage building rather than a residence, the plaintiff returned the next day to the Zoning Office and requested a permit to use the building as storage. Defendant Moore again refused to issue a permit, and when the plaintiff asked why he could not receive the permit, Moore told him that defendant and District 3 Supervisor Taylor had told Moore not to issue Lacroix any permits regarding his property because Taylor was tired of one of Lacroix's neighbors complaining about the location of the Lacroix's travel trailer on the property at 384 River Ridge Circle. Steve Lacroix then met with Taylor, who confirmed that any permits would be denied until the travel trailer was removed. Taylor did not say that the travel trailer's location violated any state or county rule or regulation.

On April 3, 2007, the plaintiff received a letter from defendant Moore acknowledging Lacroix's attempt to acquire a permit for his manufactured home from the Zoning Office, but notifying the plaintiffs that they stood in violation of Article V, Section 2. In her letter, Moore stated, without explanation, "I could not issue you a permit," and threatened action by the Marshall County Board of Supervisors if the plaintiff did not immediately remove the structure from his property. Steve Lacroix replied to the letter on April 9, 2007, contending that the real

reason he was denied a permit for the manufactured home at 357 River Ridge was the presence of the travel trailer at 384 River Ridge. Lacroix pointed out that the location of the travel trailer was not a valid reason to deny a permit for a storage building at another location. The plaintiff then reiterated that he stood ready to obtain the permit under the law – and without the artificial restrictions imposed because of the complaints of a single neighbor. The plaintiffs do not intend to move the manufactured home until their request for a permit is officially granted or denied.

On June 5, 2007, the plaintiffs received a letter from Kent Smith, attorney for the Board of Supervisors, regarding "Clean Up of 384 River Ridge Circle," the plaintiffs' home address and not the site where the double-wide trailer is located. The letter included notice of a public hearing scheduled for July 2, 2007, at which the Board of Supervisors and interested parties would discuss whether the plaintiff's property was "a menace to the public health and safety of the community," subject to cleanup by the county at the expense of the plaintiffs. Two days later, Kent Smith sent a similar letter to AmSouth/Regions Bank as the mortgage holder for plaintiffs' home mortgage. The plaintiffs attended the public hearing and, to be certain that the activities at the hearing could be accurately reviewed and discussed at a later date, they brought with them a stenographer, who recorded and transcribed all that was said there.

At the hearing, the plaintiffs established that the Board of Supervisors had not followed the dictates of the controlling statute, Miss. Code Ann. § 19-5-105, and that the Board had used the statutory notice provision of the nuisance statute as it related to the travel trailer as a pretense to confront them regarding the location of the double-wide trailer. In light of the discussion and events at the hearing, the Board voted to table the matter.

**Factual Allegations – Garbage Collection and Disposal Liens**

The plaintiffs also raise the issue of defendants' application of Miss. Code Ann. § 19-5-22, which makes landowners who rent out their property to a tenant – and collect a fee for garbage collection as part of the rent – responsible for payment of the fees and subject to the penalties for failure to pay the garbage collection fee. The statute further requires that the county send proper notice to the landlord via mail of any lien attached to the property under the statute. The plaintiffs allege that they only received notice of any liens on property they had purchased when one of their tenants was prohibited from purchasing a car tag until a pending lien, incurred by the previous owner of the property which plaintiffs had purchased, was satisfied. Lacroix notified the county officials that he did not live in the properties in question, had not been the owner when the delinquent fees were incurred, and that the lease agreements with his tenants did not require him to pay the garbage collection fees.[8] The county later repeatedly told the Lacroixs' tenants (and on one occasion the Lacroixs themselves) that they must pay delinquent garbage collection fees, but did not provide the required statutory notice to the Lacroixs.

**Factual Allegations – Denial of Access to Public Records**

On September 24, 2007, Lacroix went to the Marshall County Chancery Clerk's Office to review records and papers. Defendant Thomas would not, however, provide the records requested for review and copying.

---

[8]The county, however, had ordered in 2001 that all such fees were the ultimate responsibility of the landowner, whether or not the property was leased to another.

**Factual Allegations – Legal Malpractice**

The plaintiffs allege that attorney Kent Smith's decision to give notice and hold a hearing under the nuisance statute, as well as his advice to the Board of Supervisors regarding Lacroix's access to public records, constituted attorney malpractice.

**Claims Asserted in the Federal Cases**

The plaintiffs assert ninety claims arising out of the above facts (requiring a complaint consisting of 145 pages and 376 paragraphs), of which only two appear to apply under the facts of this case: due process and equal protection. Additionally plaintiffs argue that attorney Kent Smith's actions rose to the level of legal malpractice. The court will address each of these three claims. The remaining claims will be dismissed for failure to state a claim upon which relief could be granted.[9]

***Res Judicata* and Collateral Estoppel**

All of the plaintiffs' claims in this case, except for one claim arising in 2008 as discussed below, are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided," and under the doctrine, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies, barring attempts to litigate the matter further.

---

[9] In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true the well-pleaded factual allegations in the complaint. *Herrmann Holdings Ltd. v. Lucent Technologies Inc.,* 302 F.3d 552, 557 (5th Cir.2002) (quotations and citations omitted). The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp,* 157 F.3d 980, 982 (5th Cir.1998). The dismissal will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Such is the case.

*Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). In other words, *res judicata* bars a plaintiff from bringing a second or subsequent lawsuit based upon the same event or series of events by asserting additional facts *or proceeding under a different legal theory*. The doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if:

> (1) the parties are the same in both actions;
>
> (2) the prior judgment is rendered by a court of competent jurisdiction;
>
> (3) the prior judgment was final on the merits; and
>
> (4) the cases involve the same cause of action.

*Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994).

In determining whether the cases involve the same cause of action, the court employs the "transactional test," which "requires the two actions be based on the same 'nucleus of operative facts.'" *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401-02 (5th Cir. 2009) (internal citations omitted).

*Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated and essential to the judgment in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The doctrine of collateral estoppel effectively establishes questions of law or fact that have received final judgment for the purposes of a later lawsuit. *Walker v. Kerr-McGee Chemical Corp.*, 793 F.

Supp. 688, 694 (N.D. Miss. 1992). In Mississippi, collateral estoppel bars litigation of an issue if the following four elements are met :

> (1) the plaintiff is seeking to relitigate a specific issue;
>
> (2) the issue has been litigated in a prior suit;
>
> (3) the issue was actually determined in the prior suit; and
>
> (4) the determination of the issue was essential to the judgment.

*Id.* at 694-95. In addition, Mississippi requires that the parties be the same in both cases for collateral estoppel to apply. *Id.* at 695. Mississippi does, however, recognize that parties are identical if there is privity between the parties. *Id.* (citing *Moses v. Flanagan*, 727 F.Supp. 309, 311 (N.D. Miss. 1989)).

Plaintiff Steve Lacroix's state chancery court case named as defendants the Marshall County Board of Supervisors, the individual supervisors, County Administrator Larry Hall, the Marshall County Planing commission, County Zoning Administrator Conway Moore, Steve Wilson [code enforcement for the planing commission], Board employee Kay Brownlee, Chancery Clerk/ Board Clerk C.W. "Chuck" Thomas, and County Comptroller Susie Hill. The state court complaint alleged (1) that the county placed a lien on his tenant's car tag without proper notice; (2) that the Board of Supervisors violated the Mississippi Open Meetings Act; (3) that Lacroix was denied the right to inspect public records in violation of the Mississippi Public Records Act; (4) violations of Miss. Code Ann. § 19-5-22; (5) 42 U.S.C. § 1983 claims; (6) due process violations; and (7) a criminal violation of Miss. Code Ann. § 97-11-37.

Similarly Lacroix and his wife, Kellie Gordon Lacroix, brought this federal case against Marshall County, the Board of Supervisors, the County Planning Commission, the individual supervisors, County Administrator Hall, County Zoning Administrator Moore, Chancery Clerk/

Board Clerk Thomas, Board Attorney Kent Smith, and County Administrator Hall.[10] The federal court complaint is based upon the same actions taken by Marshall County and its elected officials in the summer of 2007 involving Steve and Kellie Lacroix and alleges § 1983 due process claims as well as claims under Miss. Code Ann. § 19-5-22, the Mississippi Open Meetings Act, and the Mississippi Public Records Act.

The court finds that all of the plaintiffs' claims are barred by both the doctrine of *res judicata* and the doctrine of collateral estoppel, with the sole exception of the tag lien claim discussed below, which arose in 2008.[11] *Res judicata* clearly bars the plaintiff Steve Lacroix from relitigating any claims arising out of and any suits arising out of those events as to any parties he actually sued regarding those events. The claims raised in state chancery court and the claims raised in federal court all arise out of the same set of operative facts – the July 2007 notice regarding the travel trailer, the tag liens placed on tenants' cars, the denial of the permit for the structure, and the inability to obtain public records. The court finds that there is a mutuality of parties in both cases despite the addition of Kellie Lacroix as a plaintiff and Kent Smith as a defendant in the federal suit because of the privity between the original parties. Lacroix, as the wife of the original plaintiff, has the same interest in the property as Steve Lacroix, and her derivative claim for loss of consortium[12] demonstrates the privity between the parties. Mr. Smith as attorney for the Marshall County Board of Supervisors is in privity with that entity. *Moses v. Flanagan*, 727 F.Supp. at 312 ("It is well established that state officials are, as a matter of law, in privity with the agency or department in which they serve."). Further, because valid

---

[10]The only differences in the defendants in the Federal suit were that the plaintiffs added Board Attorney Kent Smith and removed defendants Brownlee and Hill.

[11] Docket # 1, ¶110 in case no. 3:08-cv-92.

[12] Docket # 1, ¶¶ 317-336 in case no. 3:07-cv-119.

judgments have been entered against plaintiff Lacroix in the state court regarding the exact issues presently before this court, plaintiffs' claims are also barred under the doctrine of issue preclusion. *Walker v. Kerr-McGee Chemical Corp.*, 793 F. Supp. at 495. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiffs' claims as enumerated above must be dismissed as to all defendants.

The sole remaining issue raised by plaintiffs is that on April 20, 2008, Steve Lacroix attempted to obtain a vehicle tag renewal, which was denied because of delinquent garbage bills associated with 357 River Ridge Circle despite his tenants having paid their bills for garbage expenses every month. Docket # 1, ¶110 in case no. 3:08-cv-92. This contention that plaintiff was not provided actual or constructive notice of any lien or opportunity for a hearing or other redress is not barred by *res judicata* or collateral estoppel as those incidents occurred after the chancery court decision.

**Legal Malpractice Claim**

To prevail on a claim of legal malpractice, a plaintiff must demonstrate (1) the existence of an attorney-client relationship; (2) negligent handling of the client's affairs by the attorney; and (3) that the negligence proximately caused injury to the client. *Luvene v. Waldrup*, 903 So.2d 745, 748 (Miss. 2005) (citing *Hickox v. Holleman*, 502 So.2d 626, 633 (Miss. 1987)). An attorney-client relationship originates when (1) a person demonstrates to a lawyer his or her intent that the lawyer provide legal services for the person; and (2)(a) the lawyer manifests to the person the consent to do so, or (b) fails to indicate a lack of consent to do so, knowing that the person reasonably relies on the lawyer to provide the services, or (c) a tribunal, with the power to do so, appoints the lawyer to provide the services. *Hooper v. Frank*, 16 F.3d 92, 95 (5th Cir. 1994) (internal citations omitted).

Kent Smith was the attorney for the County Board of Supervisors, not the plaintiffs. The plaintiffs never manifested an intent for Smith to provide legal services on their behalf nor did Smith agree to provide such services. Plaintiffs cannot establish that there was an attorney-client relationship between themselves and Smith. Absent an attorney-client relationship, the first element of a legal malpractice claim, plaintiffs have failed to establish a *prima facie* case for legal malpractice and this claim too must fail.

**Plaintiffs' Motion to Strike**

The plaintiffs ask the court to strike the affirmative defenses contained in the defendants' answer to the complaint on the grounds that the defenses "inject irrelevant and/or immaterial issues, assert defenses that are insufficient as a matter of law, and/or would prejudice Lacroixs by threatening an undue broadening of the issues." Docket #6, p.1. Rule 8(c) of the Federal Rules of Civil Procedure requires a party to affirmatively state any avoidance or affirmative defenses, and failure to comply with the rule could result in a party's waiver of the defense. *Simon v. U.S.*, 891 F.2d 1154, 1157 (5th Cir. 1990) (citing *Starcraft Co. v. C.J. Heck Co.*, 748 F.2d 982, 990 n.11 (5th Cir. 1984)). The defendants were required to plead their affirmative defenses or potentially waive such defenses under the rules of this court, and they were entitled to assert any available defenses. Accordingly, the court declines to strike the defendants' affirmative defenses, and the plaintiffs' motion to strike is denied.

**Plaintiffs' Motion for Summary Judgment and**
**Plaintiffs' Motion for Partial Summary Judgment**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving

party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The plaintiffs' motion for summary judgment and motion for partial summary judgment are merely a re-urging of the claims raised in their complaint. In light of the court's previous findings and conclusions, there remain no genuine issues of material fact as to claims other than plaintiff's due process claims, and they are not entitled to summary judgment.

## Defendants' Motion to Dismiss

As discussed above, the only claim that is not barred by the doctrines of *res judicata* and collateral estoppel is that associated with the 2008 lien on the car tag. Within their motion to dismiss, the defendants assert the affirmative defense of qualified immunity, which protects government officials in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)). The doctrine of qualified immunity shields a government official from suit in his or her individual capacity if particular conditions are met. *Saucier v. Katz,* 533 U.S. 194, 200 21 S.Ct. 2151, 150 L.Ed.2d 272 (2001), *overruled on other grounds in Pearson v. Callahan*, --- U.S. ----, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Qualified immunity is immunity from a lawsuit rather than an affirmative defense, and should be resolved expeditiously.

Once the defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate that the defendant is not entitled to its protections. *Club Retro, L.L.C. v. Hilton*, 568

F.3d 181, 195 (5th Cir. 2009); *see also Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). In *Saucier v. Katz*, the United States Supreme Court held that a court addressing a claim of qualified immunity must determine first whether the plaintiff has adduced facts sufficient to establish a constitutional or statutory violation before determining whether actions of the government official were objectively unreasonable in light of clearly established law at the time of the conduct in question. *Saucier v. Katz*, 533 U.S. at 200; *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir.2007). However, the Supreme Court this year held that this sequential two-step analysis was no longer mandatory in *Pearson v. Callahan*. *Pearson,* 129 S. Ct. at 821. Instead, courts may exercise their discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand. *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir.2007). Although no longer mandatory, the *Saucier* two-step analysis is still viewed as being an appropriate analytical sequence. *Id.* In this case, the court finds it appropriate to determine initially whether a constitutional violation occurred.

Following the two-part analysis, the plaintiff must establish that the defendants committed a constitutional violation under current law. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 195 (5th Cir. 2009). Once that element is established, the plaintiff must show that the defendant's actions were objectively unreasonable in light of the law that was clearly established at the time of the actions. *Id.* (internal citations omitted). In order to be "clearly established" the right must be sufficiently clear so that a reasonable official would understand that his actions violate the law. *Id.* Mississippi law requires a board of supervisors to give notice of a delinquency to the person who owes the delinquent fees and provide an opportunity for a hearing that complies with the due process protections of the Constitutions of both the United States of

America and the State of Mississippi.[13] Following the issuance of the delinquency notice, the tax collector may not issue or renew a motor vehicle tag. Miss. Code Ann. §19-5-22(4)(b).

In this instance, the right to constitutional due process protections is clearly established by statute. The members of the Marshall County Board of Supervisors had reasonable notice of the statute. Their knowledge of the statute is evident by their use of the statute to place liens on car tags, such as Lacroix's vehicle. Consequently, the individual members of the Board are not entitled to qualified immunity regarding the plaintiffs' claims relating to the April 2008 liens.

### Defendants' Motion to Hold the Plaintiffs' Motions and Discovery in Abeyance and Defendants' Supplement to the Motion to Hold in Abeyance

The defendants ask the court to hold in abeyance discovery and motions pending the resolution of the qualified immunity issue. In light of the qualified immunity discussion above, the court finds these motions moot.

### Plaintiffs' Motion for Contempt

The plaintiffs urge the court to sanction the defendants and their counsel because "numerous allegations in their pleadings are factually and indisputably frivolous." In light of the court's opinion, the plaintiffs' argument is not sound and the motion is not well taken.

### Conclusion

For the reasons stated in this memorandum opinion, the court holds

1.  Plaintiffs' motion to strike the defendants' answer is DENIED [Docket # 6];

---

[13]Miss. Code Ann. § 19-5-22(4)(a) of the Mississippi Code provided was amended March 23, 2009. The amendments do not alter the specific subsection referenced by the plaintiffs.

-17-

2. Plaintiffs' motion for summary judgment, and motion for partial summary judgment are DENIED [Docket ## 7 & 14];

3. Defendants' motion to dismiss is GRANTED in PART and DENIED in PART [Docket # 12];

4. Defendants' motion to hold the plaintiffs' motions and discovery in abeyance and defendants' supplement to the motion are DENIED as moot [Docket ## 13 & 16]; and

5. Plaintiffs' motion for contempt is DENIED [Docket # 24].

An order consistent with this memorandum opinion will issue this date.

**SO ORDERED,** this the 30th day of September, 2009.

/s/ Neal Biggers

_____

**NEAL B. BIGGERS, JR.**

**SENIOR U.S. DISTRICT JUDGE**