IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEVE LACROIX AND
KELLIE LACROIX                                               PLAINTIFFS

V.                                                           CIVIL ACTION NO.
                                                             3:07-CV-119-B-A

                                          CONSOLIDATED WITH

                                                             3:08-CV-92-B-A

MARSHALL COUNTY,
MISSISSIPPI, *et al*                                         DEFENDANTS


**MEMORANDUM OPINION**

      The defendants have filed a motion to dismiss the plaintiffs' remaining claim against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On September 30, 2009, the court granted in part and denied in part the defendants' motion to dismiss. The court found that the only claim that was not barred by the doctrines of *res judicata* and collateral estoppel was the claim associated with a lien on a car tag in April 2008.

      Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff must include "a short and plain statement of the claim, showing that the pleader is entitled to relief." In response, Rule 12(b)(6) allows a defendant to bring a motion asserting the defense that the plaintiff has failed to state a claim upon which relief can be granted. In reviewing a motion to dismiss under Rule 12(b)(6), the court considers "the well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greniger*, 188 F.3d 322, 324 (5th Cir., 1999) (citations omitted). To overcome a motion to dismiss, the plaintiffs must plead "enough facts to state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-51 (2009).

The Lacroixs allege that on April 20, 2008, Mr. Lacroix applied for a car tag renewal at the satellite tax office in Byhalia, Mississippi, and was informed that the property located at 357 River Ridge Circle was tagged for a car tag lien. According to the Lacroixs, neither they nor their tenants were provided notice by the county that could be considered due process or an opportunity for a pre-deprivation hearing as required under Miss. Code Ann. § 19-5-22. The plaintiffs acknowledge in their response to the motion to dismiss that Steve Lacroix was able to discuss the matter and avoid the imposition of a car tag lien and point out that they did "not assert in their instant complaint that they were subject to a tag denial or that they paid fees they did not owe" in relation to the 357 River Ridge Circle property. The Lacroixs were issued a car tag on April 26, 2008, and the recorded property address was 357 River Ridge Circle, Byhalia, Mississippi.

The plaintiffs assert that under Miss. Code Ann. § 19-5-22 they have a constitutionally protected property interest and are guaranteed certain due process rights. The United States Constitution guarantees that no "State [may] deprive any citizen of life, liberty or property, without due process of law." U.S. Const. Amend XIV, § 1. The Mississippi Constitution also guarantees that "[n]o person shall be deprived of life, liberty or property except by due process of law." Miss. Const. Art. 3, § 14. Under Mississippi law, the payment of all delinquent county garbage fees is a condition of receiving a motor vehicle road and vehicle license tag. Miss. Code Ann. § 19-5-22(4)(b). This court has held that individuals have a legitimate claim of entitlement in the continued possession of a car tag that may invoke due process rights. *Laudermilk v.*

2

*Fordice*, 948 F. Supp. 596, 600 (N.D. Miss. 1996). Section 19-5-22(4) describes in detail the process required under the statute. Thus, it is clear that the Lacroixs have a property interest in a car tag and are entitled to due process before they may be deprived of that property.

The inquiry into whether the Lacroixs received due process is a two-step examination. First, the claimant must have suffered an actual deprivation of property in order to invoke the protections of the Fourteenth Amendment. *Laudermilk*, 948 F.Supp. at 598-99. Only after it is established that the claimant has suffered a deprivation of a protected interest will the court turn its attention to sufficiency of process. *Id.*, at 599. The "[United States Supreme] Court has consistently held that some form of hearing is required before an individual is *finally* deprived of a property interest. *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (emphasis added). By their own admissions and as evidenced by the receipt of issuance of the car tag, the Lacroixs received a car tag on April 28, 2008.[1] Consequently, no property right was violated because the Lacroixs received the car tag, regardless of any flag on the property for unpaid garbage fees.

The Lacroixs argue that despite the fact that the issue was resolved in April 2008, there remains an inherent risk of future deprivation, and therefore their due process claim remains viable. In support of their argument, the Lacroixs rely on *Matthews v. Eldridge*, 424 U.S. at 335. The plaintiffs assert that under *Matthews* safeguards must be in place that will minimize the risk of violation of due process rights and that *Matthews* only requires the "risk of erroneous deprivation, rather than proof of actual erroneous deprivation of any particular interest."

---

[1] The court does not find a delay of a few days in obtaining a car tag to be significant.

The Lacroixs' reliance on *Matthews* for the proposition that an actual deprivation of property is not necessary for a due process claim is misplaced. In *Matthews*, the Court examined the sufficiency of the due process rights in receiving cash benefits under the Social Security Act. The plaintiff's disability benefits had been terminated because he was no longer considered disabled. *Matthews*, 424 U.S. at 336. The Court held that due process analysis requires the consideration of three factors: (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of the interest through the procedures used; and (3) the government's interest, including the function involved and any fiscal and administrative burdens. *Matthews*, 424 U.S. at 335.

The "risk of erroneous deprivation" discussed in *Matthews* is the risk created by the process, not a risk of future injury. Implicit in the *Matthews* due process analysis is that the plaintiff's protected interest – disability benefits – had already been taken before the court could meaningfully review the sufficiency of the process afforded the plaintiff. In other words, it is logically impossible to analyze the sufficiency of a meaningful review without knowing the facts which led to deprivation of the protected interest.

Under the pleading standard set by *Twombley* and *Iqbal*, the complaint must show that the pleader is entitled to relief. As pled on the face of the complaint in this case, the Lacroixs admit that they suffered no deprivation of property in April 2008, and the court therefore need not examine the sufficiency of the process.

## CONCLUSION

For the reasons stated in this memorandum opinion, the court holds that the defendants' motion to dismiss is **GRANTED.** A separate final judgment consistent with this memorandum opinion will issue this date.

**SO ORDERED**, this the 13th day of April, 2010.

> */s/ Neal Biggers*
> **NEAL B. BIGGERS, JR.**
> **SENIOR U.S. DISTRICT JUDGE**